# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHERROD ROBINSON** | : | **CIVIL ACTION** |
| v. | : | |
| **UNITED STATES OF AMERICA** | : | **NO. 07-cv-4854** |

## MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of prisoners in federal custody, if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from federal custody on the grounds that certain rights accruing to that prisoner have been violated; habeas corpus motions pursuant to AEDPA are the ***only*** possible means of obtaining this type of relief from federal custody. Okereke v. United States, 307 F.3d 117 (3d Cir. 2003); United States v. Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

In cases involving prisoners in federal custody, AEDPA, if it applies at all, provides for relief by means of 28 U.S.C. §2255 (in some factual situations), or by means of 28 U.S.C. §2241 (in other factual situations). Relief pursuant to 28 U.S.C. §2255 for a petitioner who is in federal custody is limited by the terms of 28 U.S.C. §2255 itself to:

    I.    an attack on the constitutionality[1] (of )

---

[1] In this Memorandum and Order, for the purpose of brevity, we will use the term "Constitutional" to refer not only to attacks based on alleged violations of the U.S. Constitution, but also to attacks based on alleged violations of federal statutes and treaties involving the United States.

1

    II.    the imposition (and <u>not the execution</u>) of a federal conviction and/or a federal sentence,

    III.    (which is) made after the imposition of the federal sentence.[2]

A grant of relief pursuant to 28 U.S.C. §2241 in cases involving federal custody is limited to:

    I.    an attack that is not constitutional in nature; ***and/or***

    II.    an attack on the execution of a federal conviction and/or sentence, and not its imposition; ***and/or***

    III.    an attack made before the imposition of the federal sentence.

Petitioner was convicted and sentenced by this court in 05-cr-598-3. On November 19, 2007, petitioner filed a petition in this court, labeled 07-cv-4854 by the Clerk of this Court, purportedly seeking Habeas Corpus relief pursuant to 28 U.S.C. §2241; in this petition, he raises several claims that allegedly justify such relief from his conviction and sentence in 05-cr-598-3, namely:

1. Alleged layered ineffectiveness of counsel in that counsel allegedly was suffering from "several health ailments that lead to his death" throughout various stages of petitioner's prosecution in 05-cr-598-3;

2. Alleged inappropriate application of the sentencing guidelines, in that petitioner allegedly was not given credit for a period of state incarceration;

3. Alleged inappropriate application of the sentencing guidelines, in that petitioner allegedly assisted the prosecution by testifying against other defendants;

4. Alleged ineffective assistance of counsel with regard to establishing the existence of facts related to a charge of "aiding and abetting," which allegedly voids his plea agreement;

---

[2]<u>Okereke v. United States</u>, 307 F.3d 117 (3d Cir. 2002); <u>Cradle v. United States ex rel Miner</u>, 290 F.3d 536 (3d Cir. 2002); <u>In Re: Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997).

5. Alleged ineffective assistance of counsel with regard to establishing the existence of facts related to petitioner allegedly being an "organizer or leader," which allegedly voids his plea agreement;

6. Ineffective assistance of counsel with regard to establishing the existence of facts related to the quantity of illegal drugs involved in the case, which allegedly voids his plea agreement; and,

7. Alleged misinterpretation of the sentencing guidelines on the part of the court.

These are clearly claims that the rights guaranteed to petitioner pursuant to the Fifth, Sixth and Fourteenth Amendments to the United States Constitution have been violated by the imposition of his federal conviction and/or sentence; and hence clearly the type of petition anticipated by 28 U.S.C. §2255.

We note that by means of AEDPA, Congress also created a series of **_intentionally restrictive gate-keeping conditions_** which must be satisfied for a prisoner to prevail in his petition seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §2255. One such intentionally restrictive gate-keeping condition is AEDPA's **_strict and short statute of limitations_**. Another one of these intentionally restrictive gate-keeping conditions is AEDPA's **_"second or successive rule,"_** which generally forbids a litigant from filing a §2255 habeas if that litigant had at least one prior §2255 habeas if that previous §2255 petition was "dismissed after adjudication of the merits of the claims presented,"[3] which means:

I. a dismissal after a consideration on the merits;[4] or,

---

[3] Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

[4] Jiminian v. Nash, 245 F.3d 144 (2d Cir. 2001); In re Moore, 196 F.3d 252 (DC Cir. 1999).

    II.    a dismissal on the grounds of the statute of limitations.[5]

In the instant matter, petitioner purports to seek habeas corpus relief from federal custody pursuant to 28 U.S.C. §2241 (and not pursuant to 28 U.S.C. §2255). This is a crucial distinction, since the AEDPA "second or successive rule" applies to all 28 U.S.C. §2255 petitions, the AEDPA "second or successive rule" does not apply to 28 U.S.C. §2241 petitions.  Zayas v. INS, 311 F.3d 247 (3d Cir. 2002).  Accord, Jacobs v. McCaughtry, 251 F.3d 596 (7th Cir. 2001); Chambers v. USA, 106 F.3d 472 (2d Cir. 1997).  Clearly, in the instant case, petitioner attacks the constitutionality of the ***imposition*** of the federal conviction and federal sentence of imprisonment upon him; accordingly, the instant petition seeks relief that theoretically is only available pursuant to 28 U.S.C. §2255, and not 28 U.S.C. §2241.

Pursuant to USA v. Miller, 197 F.3d 644 (3d Cir. 1999), this court may not re-characterize such a document that is purportedly seeking 28 U.S.C. §2241 relief as a 28 U.S.C. §2255 petition without first:

1. notifying the petitioner that the court believes it is really a §2255 petition purporting to be something else; ***and***,

2. warning the petitioner of all of the ramifications of AEDPA (including, but not limited to, the AEDPA statute of limitations, as well as the second or successive rule created by AEDPA); ***and***,

3. getting permission from the prisoner to re-characterize the petition as a 28 U.S.C. §2255 petition; ***and***,

4. informing the petitioner that he also has the option to voluntarily withdraw his submission.

Assuming that petitioner consents to the aforesaid recharacterization, then

---

[5] Villanueva. V. USA, 346 F.3d 55 (2d Cir. 2003).

pursuant to Local Civil Rule 9.3(a), and Rule 2 of the Rules Governing 28 U.S.C. §2255 proceedings in the United States District Courts, this petition was not filed with the requisite <u>current</u> standard 28 U.S.C. §2255 form, prescribed by this court, effective December 1, 2004 (moreover, petitioner did not sign the incorrect form he did use). Aside from the dictate of the aforesaid rules of court, use of this court's current standard form in 28 U.S.C. §2255 habeas cases is necessary so as to guarantee that the defendant is made aware of the specific warnings required from this district court at the commencement of any 28 U.S.C. §2255 habeas case pursuant to <u>USA v. Thomas</u>, 221 F.3d 430 (3d Cir. 2000) (which relates to the <u>*strict*</u> and <u>*short*</u> statute of limitations that exists for filing a 28 U.S.C. §2255 petition); and <u>USA v. Miller</u>, 197 F.3d 644 (3d Cir. 1999) (which relates to the <u>*strict*</u> restrictions on filing a second or successive 28 U.S.C. §2255 petition) (these specific <u>Thomas</u> and <u>Miller</u> warnings are contained in the introductory text of this court's aforesaid current standard §2255 form).

    Accordingly, this        Day of November, 2007, it is hereby **ORDERED** as follows:

1.  Petitioner is granted ***provisional*** leave to proceed in forma pauperis in this matter for the purpose of this Order only.

2.  The Clerk of Court shall furnish petitioner with a blank copy of this court's current standard form for filing a petition pursuant to 28 U.S.C. §2255 (bearing the above-captioned civil action number).

3.  Petitioner shall notify this court within thirty (30) days whether he consents to the reclassification of 07-cv-4854 as a 28 U.S.C. §2255 petition, and, that if he does consent to such reclassification, he shall complete the enclosed 28 U.S.C. §2255 form and return it to this court.

4.  Petitioner is formally placed on notice that if he insists that 07-cv-4854 proceed as a 28 U.S.C. §2241 petition, that 07-cv-4854 shall be dismissed without prejudice for seeking relief that is not available pursuant

to 28 U.S.C. §2241.

5. Petitioner is formally placed on notice that if he does not respond to this Order within thirty (30) days, that 07-cv-4854 shall be dismissed without prejudice for seeking relief that is not available pursuant to 28 U.S.C. §2241.


 S/ MICHAEL M. BAYLSON
**MICHAEL M. BAYLSON, U.S. District Judge**