

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHERROD ROBINSON** | : | **CIVIL ACTION** |
| v. | : | |
| **UNITED STATES OF AMERICA** | : | **NO. 07-cv-4854** |

FILED

KUNZ, Clerk
_____ Dep. Clerk

### MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of prisoners in federal custody, if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from federal custody on the grounds that certain rights accruing to that prisoner pursuant to the United States Constitution[1] have been violated; habeas corpus motions pursuant to AEDPA are the **_only_** possible means of obtaining this type of relief from federal custody.

In cases involving prisoners in federal custody, AEDPA, if it applies at all, provides for relief by means of 28 U.S.C. §2255 (in some factual situations), or by means of 28 U.S.C. §2241 (in other factual situations). Relief pursuant to 28 U.S.C. §2255 for a petitioner who is in federal custody is limited by the terms of 28 U.S.C. §2255 itself to a constitutional attack on the imposition (and not the execution) of a federal conviction and/or a federal sentence, such attack being made after the

---

[1] For the purpose of brevity, we will use the term "Constitutional" to refer not only to attacks based on alleged violations of the U.S. Constitution, but also to attacks based on any asserted federal collateral grounds for relief from custody, such as alleged violations of federal statutes and treaties involving the United States, or an alleged lack of jurisdiction by the sentencing court. Gonzalez v. Crosby, 545 U.S. 524 (2005).

1

imposition of the federal sentence.[2]

Because in federal jurisprudence, a more specific statute takes precedence over a more general statute, and because §2255 is more specific than §2241, a federal prisoner may only rely on §2241 where §2255 is inadequate to provide the type of constitutional relief sought.[3] Accordingly, a grant of relief in cases involving federal custody may only be sought pursuant to 28 U.S.C. §2241 where there is **_either:_** a constitutional attack on the execution of a federal conviction and/or sentence (and **_not_** its imposition); **_and/or,_** a constitutional attack made before the imposition of the federal sentence.

Petitioner was convicted and sentenced by this court in 05-cr-598-3. On November 19, 2007, petitioner filed a petition in this court, labeled 07-cv-4854 by the Clerk of this Court, purportedly seeking Habeas Corpus relief pursuant to 28 U.S.C. §2241; in this petition, he raises several claims that allegedly justify such relief from his conviction and sentence in 05-cr-598-3, namely:

1. Alleged layered ineffectiveness of counsel in that counsel allegedly was suffering from "several health ailments that lead to his death" throughout

---

[2] Where there is an attack on a federal conviction which does not involve a Constitutional argument, there is no right to habeas corpus relief, and the proper remedy lies in a request for a new trial pursuant to Federal Rule of Criminal Procedure 33. Ruiz v. USA, 221 F.Supp. 2d 66 (D.Mass. 2002), aff'd, 339 F.3d 39 (1st Cir. 2003). Where there is an attack on a federal sentence which does not involve a Constitutional argument, there is not right to habeas corpus relief, and the proper remedy lies in a request for a new sentence pursuant to Federal Rule of Criminal Procedure 35. USA v. Canino, 212 F.3d 383 (7th Cir. 2000).

[3] Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3rd Cir. 2005); Okereke v. United States, 307 F.3d 117 (3rd Cir. 2002); Cradle v. United States ex rel Miner, 290 F.3d 536 (3rd Cir. 2002); In Re: Dorsainvil, 119 F.3d 245 (3rd Cir. 1997).

      various stages of petitioner's prosecution in 05-cr-598-3;

2. Alleged inappropriate application of the sentencing guidelines, in that petitioner allegedly was not given credit for a period of state incarceration;

3. Alleged inappropriate application of the sentencing guidelines, in that petitioner allegedly assisted the prosecution by testifying against other defendants;

4. Alleged ineffective assistance of counsel with regard to establishing the existence of facts related to a charge of "aiding and abetting," which allegedly voids his plea agreement;

5. Alleged ineffective assistance of counsel with regard to establishing the existence of facts related to petitioner allegedly being an "organizer or leader," which allegedly voids his plea agreement;

6. Ineffective assistance of counsel with regard to establishing the existence of facts related to the quantity of illegal drugs involved in the case, which allegedly voids his plea agreement; and,

7. Alleged misinterpretation of the sentencing guidelines on the part of the court.

These are clearly claims that the rights guaranteed to petitioner pursuant to the Fifth, Sixth and Fourteenth Amendments to the United States Constitution have been violated by the imposition of his federal conviction and/or sentence; and hence this is clearly the type of petition anticipated by 28 U.S.C. §2255. Pursuant to <u>USA v. Miller</u>, 197 F.3d 644 (3d Cir. 1999), this court may not re-characterize such a document as a 28 U.S.C. §2255 petition without first:

1. notifying the petitioner that the court believes it is really a §2255 petition purporting to be something else; **_and_**,

2. warning the petitioner of all of the ramifications of AEDPA (including, but not limited to, the short and strict one-year AEDPA statute of limitations, as well as the so-called "second or successive rule" created by AEDPA, which generally prohibits a prisoner from filing multiple §2255 habeas petitions); **_and_**,

3. getting permission from the prisoner to re-characterize the petition as a 28 U.S.C. §2255 petition; **and**,

4. informing the petitioner that he also has the option to voluntarily withdraw his submission.

On November 26, 2007, this court notified petitioner, in keeping with <u>Miller</u>, that it believed this was really a §2255 petition, and that if petitioner insisted that it be treated as a §2241 petition, that it would be dismissed without prejudice for seeking relief that is not available pursuant to §2241. On December 20, 2007, petitioner notified this court that he did not consent to the aforesaid re-characterization, but that he wished 07-cv-4854 be "dismissed without prejudice" so that he could file "a proper 28 U.S.C. §2255 motion at a later date" "within the 1-year limitations period."

Accordingly, this          Day of January, 2008, it is hereby

**ORDERED** as follows.

1. 07-cv-4854 is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of this Court shall mark 07-cv-4854 as **CLOSED** for all purposes, including statistics.

_____
MICHAEL M. BAYLSON, U.S. District Judge

4